■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA WASHINGTON, Appellant. [604 NYS2d 593] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered April 25, 1991, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at the trial in a light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of manslaughter in the first degree. The testimony of the eyewitness established that the defendant and his two accomplices surrounded the victim in the hallway of an apartment building as the defendant stabbed the victim in the chest. As the victim lay on the floor mortally wounded, the defendant kicked the victim in the chest.

The defendant contends that the trier-of-fact should not have believed the eyewitness, an admitted drug user, because her ability to accurately observe the events had allegedly been impaired by the influence of drugs. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier-of-fact, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The sentence imposed is neither harsh nor excessive (see, People v Suitte, 90 AD2d 80).

We have considered the defendant's remaining contention

and find that it does not require reversal. Rosenblatt, J. P., Miller, Lawrence and Pizzuto, JJ., concur.